IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOEY BRILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FINANCIAL RECOVERY SERVICES, INC., | )  JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JOEY BRILL, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, FINANCIAL RECOVERY SERVICES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JOEY BRILL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Lincoln, County of Lancaster, State of Nebraska.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Applied Bank.

1

6. The debt that Plaintiff allegedly owed Applied Bank was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. FINANCIAL RECOVERY SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Nebraska. Defendant is incorporated in the State of Minnesota.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    A<small>LLEGATIONS</small>

14.    On or about April 7, 2010, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to Applied Bank.

15.    The aforesaid correspondence was Defendant's initial communication with Plaintiff.

16.    The aforesaid correspondence stated that "AS OF THE DATE OF THIS LETTER, YOU OWE $1,542.99. INTEREST, LATE CHARGES, AND OTHER CHARGES MAY OR MAY NOT BE APPLICABLE TO THIS ACCOUNT." (*Emphasis Included*).

17.    The aforesaid correspondence failed to apprise Plaintiff of the actual amount of the debt that she allegedly owed Applied Bank.

18.    The aforesaid correspondence failed to apprise Plaintiff whether interest had been included and/or would be added to the amount of the debt on which Defendant was attempting to collect.

19.    The aforesaid correspondence failed to apprise Plaintiff whether late charges had been included and/or would be added to the amount of the debt on which Defendant was attempting to collect.

20.    The aforesaid correspondence failed to apprise Plaintiff whether charges, other than late fees, had been included and/or would be added to the debt on which Defendant was attempting to collect.

21.    The aforesaid correspondence falsely represented the amount of the debt that Plaintiff allegedly owed by stating that interest and various charges "may or may not be applicable" to the debt on which Defendant was attempting to collect.

22. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the actual amount of the debt owed to Applied Bank.

23. In its attempts to collect the debt allegedly owed by Plaintiff to Applied Bank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

24. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND & TRIAL LOCATION

25. Plaintiff hereby demands a trial by jury on all issues so triable.

26. The Plaintiff, JOEY BRILL, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and pursuant to Nebraska Civil Rule 40.1(b), hereby respectfully requests that the trial of this matter proceed in either Omaha or Lincoln.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOEY BRILL, by and through her attorneys, respectfully prays for judgment as follows:

   a.   All actual compensatory damages suffered;

   b.   Statutory damages of $1,000.00;

   c.   Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JOEY BRILL**

By:  s/ David M. Marco
  Attorney for Plaintiff

<u>Dated: June 25, 2010</u>

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us